Charles A. Loreto, J.
Defendant appears specially and moves pursuant to section 237-a of the Civil Practice Act for an order vacating the service of process in this ease upon it on the ground that the court lacks jurisdiction over the defendant. The question for determination is whether this defendant is engaged in business within the State, which, in turn, depends upon the activities of defendant and whether such activities can. *884 be construed as actually doing business. There is no comprehensive rule by which it can be determined whether a foreign corporation is doing business in the State so as to subject it to service of process within the State. Bach case must be determined upon its own facts and the precedents pertaining thereto (19 Carmody-Wait, New York Practice, p. 27). Plaintiff contends that defendant is doing business here sufficient for the purpose of jurisdiction on the basis of a Dun & Bradstreet report which indicates that defendant is a wholly owned subsidiary of Baker Brush Co., Inc., a domestic corporation; that the person who was served with process is the president and treasurer of the defendant, resides in Scarsdale and is also the vice-president of Baker Brush Co., Inc. and that the vice-president of defendant also resides in New York City. Plaintiff further maintains that by reason of an inquiry addressed to an unnamed receptionist in the office of Baker Brush Company at 83 Grand Street, it was informed that defendant was located at such address where it stores and from which it ships merchandise. Plaintiff also relies upon a claim, not based upon any personal knowledge, that a certain person affiliated in some unspecified manner with defendant is visiting buyers of various department stores in this city for the purpose of selling its product. Finally, plaintiff claims that an inspection of the building directory on the main floor of 200 Fifth Avenue shows a listing for defendant in Room 559, which is a show room of Ellcraft Industries Inc.
The contentions of plaintiff are untenable and without merit. Except for the fact that defendant denies it has a listing on the building directory of 200 Fifth Avenue, there is no dispute as to the facts, although there is a variance as to the inferences to be deducted from the facts. It is clear that defendant conducts no business in this State and is not qualified to do so. It is a corporation organized under the laws of the State of Vermont, where it maintains its principal place of business at Brandon, Vermont, pays no local taxes in New York State; nor does it maintain a sales office at 200 Fifth Avenue or at any other location in this State. Certain products manufactured by defendant are sold in this city by an independent concern known as Ellcraft Industries, which maintains an office at 200 Fifth Avenue and sells the products of defendant as well as the products of other manufacturers on a commission basis. Defendant has no legal or equitable interest in Ellcraft’s office space, maintaining no telephone, occupying no business space and conducting no business there. Regarding the report that *885 defendant is a wholly owned subsidiary of a domestic corporation, such circumstance is not sufficient to constitute defendant a foreign corporation as doing business in the State of New York (Cannon Mfg. Co. v. Cudahy Co., 267 U. S. 333; 18 Fletcher Cyclopedia of Corporations, p. 491; Compania Mexicana Refinadora Is. v. Compania Metropolitana, 250 N. Y. 203). Moreover, if a corporation is not doing business here, the mere fact that its officers may be found in this State, and even reside here, does not bring the corporation within the State’s jurisdiction (Dollar Co. v. Canadian Car & Foundry Co., 220 N. Y. 270). It is also well settled that mere solicitation within the State by an independent agency for a foreign corporation does not constitute doing business within the State by such corporation (Miller v. Surf Props., 4 N Y 2d 475, 480). Also the fact that Ellcraft may have listed defendant’s name on the building directory would be insufficient to confer jurisdiction (Vassallo v. Slomin, 278 App. Div. 949). Finally, even if the unsupported claim that someone connected with defendant is offering its products for sale in New York City were considered, such occasional or casual act of selling will not suffice to show the conduct of business in New York State by defendant of the reasonable degree or measure of permanence and continuity in order to substantiate a finding that as a foreign corporation it is present within the State for jurisdictional process (Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 267; Brocia v. Franklin Plan Corp., 235 App. Div. 421; Knapp v. Roberton Mfg. Co., 155 N. Y. S. 2d 490).
Accordingly, the motion is granted. Settle order.