ASSOCIATED METALS & MINERALS
CORPORATION, Plaintiff,

v.

SS RIALTO, her engines, boilers, etc.,
Compagnie Generale Transatlantique
(French Line) and Ellerman's Wilson
Lines, Ltd., Defendants.

COMPAGNIE GENERALE TRANSAT-
LANTIQUE (FRENCH LINE), De-
fendant and Third-Party Plaintiff,

v.

ECONOMIC CORPORATION OF MON-
TREAL, Ltd., Third-Party Defendant.

No. 66 Civ. 2018.

United States District Court
S. D. New York.

May 31, 1967.

Hill, Betts, Yamaoka, Freehill & Long-
cope, New York City, for defendant and
third party plaintiff; Donald B. Allen,
New York City, of counsel.

Kirlin, Campbell & Keating, New
York City, for third party defendant;
Walter P. Hickey, David A. Nourse, New
York City, of counsel.

WYATT, District Judge.

This is a motion by the third party
defendant, Economic Corporation of
Montreal, Ltd. (Economic), to dismiss
the action as against it for lack of ju-
risdiction over the person. Fed.R.Civ.
P. 12(b) (2).

The action was brought against the
vessel "Rialto", Compagnie Generale
Transatlantique (French Line) and El-
lerman's Wilson Line, Ltd. (Wilson
Line). The complaint is a standard form
designed for use in mass produced liti-
gation. It avers that plaintiff (Associ-
ated) is a New York corporation which
was the "shipper, consignee or owner"
of a shipment of steel bars delivered at
Caen, France, to the Rialto and to the
other defendants as common carriers. It
is averred that the steel bars were to be
delivered at Montreal, Canada, where
they were in fact delivered "short and/or
otherwise damaged" for which Associat-
ed asks $12,000 in damages. Presuma-
bly Associated claims to have been either
the "consignee" or "owner" or both be-
cause the "shipper" is given as Societe
Metallurgique de Normandie, not a party
to the action.

The claim in the complaint is said to
be an "admiralty or maritime claim".

Jurisdiction appears to be proper un-
der 28 U.S.C. § 1333(1).

The French Line served and filed its
answer on December 12, 1966 and with-
in ten days thereafter, specifically on
December 15, 1966, caused a summons
and third party complaint to be served
on Economic. Fed.R.Civ.P. 14(a) and
(c).

The third party complaint avers that
French Line engaged Economic to un-
load and it did unload the steel bars from

**208**

the Rialto at Montreal and that if any damage was caused to the steel bars it was caused by breach of warranty and negligence on the part of Economic.

Service was made on Economic by serving Furness, Withy & Company, Ltd. (Furness), as alleged agent of Economic, at 34 Whitehall Street, in New York City.

The issue on this motion is whether Furness is an agent of Economic "authorized * * * to receive service of process". Fed.R.Civ.P. 4(d) (3).

It appears without dispute that Furness is a corporation of the United Kingdom conducting a world-wide business as steamship operators and agents; that as such it has offices (among other places) in New York and in Montreal; that Economic is a Canadian corporation, the stock of which is owned by Furness; that Economic has its principal place of business in Montreal where its offices and those of Furness are in the same place; that Economic is in the stevedoring business and performs stevedore services only in Canada; that Furness performs no services in New York for Economic; that Economic did in fact unload the cargo here in suit under a contract with French Line negotiated and made in Canada; and that books, accounts and financial records are maintained by Economic separate from those of Furness.

There seems no basis whatever for finding Economic present in this State because its parent is present here. Economic does not through its parent engage in any activities here. Nor is there any justification for disregarding the separate existence of the parent corporation and of the subsidiary corporation. While Federal law is probably controlling on this issue in the case at bar, State decisions are certainly relevant. The cases, both State and Federal, are collected and discussed in Frummer v. Hilton Hotels International, Inc. and others, 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (May 18, 1967). Especially enlightening for the case at bar is the opinion of Judge Lehman in Compania

Mexicana, etc. v. Compania Metropolitana, 250 N.Y. 203, 164 N.E. 907 (1928).

The motion is granted and an express determination being hereby made that there is no just reason for delay the Clerk is expressly directed to enter final judgment in favor of defendant Economic Corporation of Montreal, Ltd. dismissing the third party complaint against said defendant for lack of jurisdiction over the person of said defendant.

So ordered.