**Augusto RIVERA, Plaintiff,**

v.

**NEW JERSEY BELL TELEPHONE COMPANY et al., Defendants.**

**Civ. A. No. 71 C 1663.**

United States District Court,
E. D. New York.

April 12, 1972.

Bernard H. Mazur, New York City, for plaintiff.

Davis, Polk & Wardwell, New York City, for defendant New Jersey Bell Telephone Co.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

In this personal injury action commenced in this court on diversity grounds, defendant New Jersey Bell Telephone Company ("Bell") moves pursuant to Rule 12(b) (2), F.R.Civ.P., to dismiss the complaint on the ground that the court lacks personal jurisdiction over Bell. The motion is granted.

The complaint alleges that plaintiff, a New York resident, sustained personal injuries when Bell's motor vehicle, driven by its employee, defendant Thessolin Fontaine, "came in contact" with another motor vehicle, owned and operated by the Santoro defendants, in which plaintiff was a passenger. The alleged accident occurred on the Newark Turnpike in Kearney, New Jersey, on or about December 28, 1968, both motor vehicles are registered in New Jersey, and all defendants reside in New Jersey.

Service of summons and a copy of the complaint was made upon Bell at its principal office in Newark, New Jersey. Since plaintiff's claim is based upon an alleged tortious act committed in New Jersey, and no federal statute authorizes extraterritorial service of process in this case, authority for such service must be found in State statute or rule of court. Rule 4(e), F.R.Civ.P. Here the applicable State law is found in New York CPLR §§ 301 or 302,[1] the so-called "long arm" statutes, neither of which authorizes personal jurisdiction over Bell unless it is "doing business" here.

"In this motion to dismiss for lack of personal jurisdiction it is the plaintiff who shoulders the burden of proof, by a preponderance of the evidence. . . . The mere averment of jurisdiction does not establish it." Leasco Data Processing Equipment Corp. v. Maxwell, 319 F.Supp. 1256, 1260 (S.D.N.Y.1970). Under New York law it is plaintiff's burden to come forward with facts showing that "enough" is being done by Bell in New York "to enable us to say that the corporation is here." Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 268, 115 N.E. 915, 918 (1917); see also Beja v. Jahangiri, 453 F.2d 959, 961 (2 Cir.1972).

Plaintiff has submitted no affidavit or authorities in opposition to Bell's motion and candidly conceded on the argument that he relied solely on the fact, admitted by Bell, that Bell is a wholly owned subsidiary of American Telephone & Telegraph Company ("AT&T"), a New York corporation. Plaintiff does not controvert other facts appearing in the supporting affidavit of Bell's vice president that Bell is a New Jersey corporation engaged in providing telephone and other telecommunications services to subscribers in New Jersey; that it is regulated by the New Jersey Board of Public Utility Commissioners and not by any regulatory body of the State of New York; that it is not qualified to do business in New York, has no office in New York for the transaction of business, does not own, use or possess real estate in New York, has no meetings of its board of directors in New York, pays no taxes in New York and has no bank account in New York; and that it maintains its books separately from those of AT&T and is in all respects a corporate entity separate and independent of AT&T.

Thus the narrow question on this motion is whether a foreign subsidiary cor-

[1]. L.1962, c. 308, eff. Sept. 1, 1963. McKinney's Consolidated Laws of New York, Book 7B, Civil Practice Law and Rules.

poration is subject to personal jurisdiction in New York simply because its parent corporation is here. Precisely that question was long ago answered in the negative in Compania Mexicana v. Compania Metropolitana, 250 N.Y. 203, 164 N.E. 907 (1928). Even though in *Compania Mexicana, supra*, "the parent corporation directed the corporate officers of the defendant corporations in the transaction of their corporate business in Mexico", 250 N.Y. at 206, 164 N.E. at 908, the New York Court of Appeals held (*id.* at 208, 164 N.E. at 909):

> The defendant corporations cannot be said to have come into the state merely because the parent company, exercising domination derived from its stock ownership, gave directions as to the manner in which the defendants' officers in Mexico should conduct the defendants' affairs. Such directions constitute no part of the corporate business. In giving those directions, the parent company did not act as agent for the subsidiary corporation. It acted only for itself.

While it is true that "[t]he New York Court of Appeals has, in general, taken a liberal view toward finding that foreign corporations are doing business within the state, and a number of its opinions have indicated that the 'doing business' standard is practically equivalent to the most permissible one that the Constitution will allow", Beja v. Jahangiri, *supra* 453 F.2d at 961, no case has been found even suggesting that the parent-subsidiary relationship standing alone is a sufficient basis for exercising personal jurisdiction over the nonresident foreign subsidiary. More recent cases, on the contrary, recognize the viability of the *Compania Mexicana* rule. Associated Metals & Minerals Corp. v. SS Rialto, 280 F.Supp. 207, 208 (S.D.N.Y.1967); Nursery Plastics, Inc. v. Newton & Thompson, Inc., 19 Misc.2d 883, 191 N.Y.S.2d 655, 657 (Sup.Ct.1959 [not otherwise reported]). And in Blount v. Peerless Chemicals (P.R.) Inc., 316 F.2d 695 (2 Cir.1963), although *Compania Mexicana* was not cited, its rule was followed in affirming an order of this court vacating service and dismissing the complaint as against a Puerto Rican corporation (216 F.Supp. 612, Dooling, J.), the Court stating "that the mere existence of a parent-subsidiary relationship is not alone sufficient." *Id.* at 699.[2]

Plaintiff having offered no facts warranting further inquiry, defendant Bell's motion is granted and an express determination is hereby made that there is no just reason for delaying the entry of a judgment. The Clerk is expressly directed to enter final judgment in favor of defendant New Jersey Bell Telephone Company dismissing the complaint against it for lack of jurisdiction over its person.

So ordered.

---

2. Accord: Restatement (Second), Conflict of Laws 2d, § 52, Comment b (1971).