**EUTECTIC CORPORATION and New Metals Corporation, Plaintiffs,**

v.

**METCO, INC., Defendant.**

**Civ. A. No. 72 C 102.**

United States District Court, E. D. New York.

April 18, 1972.

Sandoe, Hopgood & Calimafde, John M. Calimafde and Marvin N. Gordon, New York City, for plaintiffs.

Burgess, Dinklage & Sprung, Arnold Sprung and Nathaniel D. Kramer, New York City, for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Defendant (hereinafter "Metco"), invoking 28 U.S.C. § 1404(a), has moved to transfer this declaratory judgment action to the District Court for the

Northern District of Illinois for consolidation with a prior action pending there ("Chicago action"),[1] or, in the alternative, to stay its further prosecution or dismiss it because substantially the same issues are involved in the Chicago action. Following the argument of the motion plaintiffs (hereinafter "Eutectic") moved for leave to file second amended complaint naming the defendant in the Chicago action as an additional party plaintiff in this action. Plaintiffs' motion is granted. Defendant's motion is granted to the extent of staying further prosecution of this action pending disposition of the Chicago action and otherwise denied.

This declaratory judgment action was obviously commenced to bring to New York patent litigation already begun in Chicago. Metco is the owner of U.S. Patent No. 3,322,515 in the field of flame spray materials. On January 17, 1972 Metco commenced the Chicago action against Metallizing Company of America, Inc. ("MC"), an Illinois corporation headquartered in Chicago and not subject to suit in this district. 28 U.S.C. § 1400(a). MC, a long-time competitor of Metco, sells under its own trademark a flame spray powder called "Moguloy M–55". Claiming that Moguloy M–55 infringes its patent, Metco seeks an injunction and damages from MC.

MC, it now appears, obtains from Eutectic's wholly-owned subsidiary New Metals Corporation the flame spray powder MC sells as Moguloy M–55, Eutectic being the manufacturer. Both are New York corporations sharing the same place of business in Flushing, Queens, N. Y., and admittedly are obliged to indemnify and defend MC wherever it may be sued. Indeed, their attorneys in this action have already appeared on behalf of MC in the Chicago action, seeking to transfer Metco's suit to this district—an abortive maneuver since, concededly, the Chicago action could not originally have been brought in this district.

This action and motion to add MC as a party plaintiff is a further attempt to overcome Metco's head start in Chicago. The complaint was filed on January 24, 1972, one week after Metco began the Chicago action. This declaratory judgment action could just as easily have been commenced in the Northern District of Illinois, since Metco is licensed to do business in Illinois and has a sales office and warehouse in Chicago, although it is a Delaware corporation having its place of business in Westbury, New York.

Eutectic charges Metco with "forum shopping" but the court is left with the definite impression that it is plaintiffs who would "stretch the Federal Declaratory Judgments Act to give [them] a paramount right to choose the forum for trying out questions of infringement and validity." Kerotest Mfg. Co. v. C–O–Two Co., 342 U.S. 180, 185, 72 S.Ct. 219, 222, 96 L.Ed. 200 (1951). As *Kerotest* points out, "[t]he manufacturer who is charged with infringing a patent . . . is given an equal start in the race to the courthouse, not a head start." *Id.* at 185, 72 S.Ct. at 222.

The court's impression is not lessened by the fact that the first amended complaint in this action involves two additional Metco patents that are not involved in the Chicago action. These are U. S. Patents Nos. 3,254,970 and 3,436,248, both granted to the same original inventor and related to the flame spraying patent involved in the Chicago action. They can just as easily be placed in issue in the Chicago action, a course taken by the defendant manufacturer in Blonder-Tongue v. University Foundation, 402 U.S. 313, 315–316, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1970).

██ No compelling reasons are apparent for disregarding the ordinary rule that where two suits are filed in different forums, the first has priority. Joseph Bancroft & Sons Co. v. Spunize Co. of America, 268 F.2d 522, 524 (2

1. Metco, Inc., a Delaware Corporation v. Metallizing Company of America, Inc.,

Docket No. 72 C 126, Northern District of Illinois, Eastern Division.

Cir. 1959). There is greater reason in the circumstances of this case for avoiding dual litigation in light of the availability of estoppel as against a patentee who has had his day in court on the issue of the validity of his patent. Blonder-Tongue v. University Foundation, *supra.*

Accordingly, Metco's motion is granted to the extent of staying further prosecution of this action pending diligent prosecution of the Chicago action and in all other respects denied. Eutectic's motion to file a second amended complaint adding MC as a party plaintiff herein is granted.

It is so ordered.