**Albert M. SPOUND et al.,
Plaintiffs,**

v.

**ACTION INDUSTRIES, INC.,
Defendant.**

**No. 73 C 1418.**

United States District Court,
N. D. Illinois.

Jan. 9, 1974.

R. Howard Goldsmith, William S. Feiler, Dressler, Goldsmith, Clement & Gordon, Ltd., Chicago, Ill., for plaintiffs.

Holland C. Capper, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss this action for lack of proper service and venue, pursuant to 28 U.S.C. § 1400(b) and in the alternative to transfer this civil action to the Western District of Virginia pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406 (a).

This is an action based on the alleged infringement of U.S. Patent Nos. 2,884,-992; 2,958,374; 2,982,340; and 3,024,-064 by the defendant.

The plaintiffs, Albert Spound and Joseph Spound, are residents of Massachusetts and plaintiff Morris Loeb is a resident of California. The defendant, Action Industries, Inc. ("Action"), is a Virginia corporation having its principal place of business in Tupelo, Mississippi. Illinois is not the state of incorporation or residence of any party. The principal place of business of any party is not within the state of Illinois.

The following facts are of significant importance to the proper disposition of the instant motion.

In the instant complaint, the plaintiffs allege that the defendant Action has infringed certain patents relating to reclining chair moveable headrest constructions, referred to in the trade as "pop-up" headrests. More specifically, the plaintiffs allege that the defendant has infringed certain patents by making, using, and selling within this District and elsewhere throughout the United States low back reclining chairs embodying plaintiffs' patented inventions.

Action does not design or manufacture its "pop-up" chairs in Illinois. All of the "pop-up" operating mechanisms used in the Action chairs are procured from the Royal Development Company, Inc., located in High Point, North Carolina.[1]

Action's only direct contact with Illinois is that it leased space at the Ameri-

---

1. See Bland Affidavit, Paragraph 11, Defendant's Exhibit No. 5.

can Furniture Mart, 666 Lake Shore Drive, Chicago, Illinois, and retained a manufacturer-representative, Mr. Ronald Fink, to obtain and forward orders to Action.[2]

The patents in issue define a particular "pop-up" headrest construction. All of the people, records and documents closely associated with the design and manufacture of Action's "pop-up" headrest chairs are either in Virginia, North Carolina or Mississippi, and not in Illinois.[3]

Albert M. Spound, plaintiff, is named as an inventor of all four patents involved in this suit and resides in Massachusetts. The other two plaintiffs, Joseph Spound and Morris Loeb, allegedly have "rights" in these patents. They reside in Massachusetts and California respectively.

After carefully examining the instant motions, memoranda and exhibits submitted by the parties in support of their respective positions, it is the opinion of this Court that the instant action should be transferred to the Western District of Virginia for the convenience of the parties and witnesses and in the interest of justice. This Court need not and will not pass on the defendant's motion to dismiss, given the instant ruling.

■ It is well settled that the question of whether an action should be transferred pursuant 28 U.S.C. § 1404 (a) is one that rests in the sound discretion of the trial court. Nowell v. Dick, 413 F.2d 1204 (5th Cir. 1964); Arley v. United Pacific Ins. Co., 379 F.2d 183 (9th Cir. 1967), cert. denied, 390 U. S. 950, 88 S.Ct. 1039, 19 L.Ed.2d 1140; Barber-Greene v. Blaw-Knox Co., 239 F. 2d 774 (6th Cir. 1957); Burroughs

Corp. v. Newark Electronics Corp., 317 F.Supp. 191 (N.D.Ill.1970).

■ Before a court can appropriately rule on a motion for transfer, the controlling factors relating to convenience of the parties and witnesses and the interests of justice should be carefully weighed.[4]

■■ Plaintiff should not be sent to a forum which in the court's opinion does not assure it a fair trial. The privilege of selecting a forum continues to play a part in deciding transfer motions but it should not be cast in the leading role. The court should also consider the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witness; cost of obtaining attendance of witnesses; possibility of a view, if appropriate; and other practical factors that would make the trial of a case easy, expeditious and inexpensive. In the long run, the ultimate inquiry is in what District a trial would best serve the convenience of the parties and witnesses, and the ends of justice.

■ After weighing the relevant factors, it is clear that the appropriate forum for the litigation of the instant action is the Western District of Virginia. This ruling is based on the following considerations:

1. Action is a corporation of Virginia.

2. The design of the accused "pop-up" mechanism in Action's "pop-up" type chairs takes place in nearby North Carolina.

3. All of the "pop-up" mechanisms used in the Action chairs are pro-

2. See Fink Affidavit, Defendant's Exhibit No. 6. The defendant Action subsequent to the commencement of this action, took steps to terminate this lease.

3. See Defendant's Exhibits 5 and 6.

4. The "interest of justice" is a common consideration to both 28 U.S.C. §§ 1404(a) and 1406(a). Section 1404(a) provides:
   "For the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought."
Section 1406(a) provides:
   "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

cured from nearby North Carolina.

4. All of Action's relevant documents and records will be available in Virginia and none will be available in Illinois.

5. The defendant Action is not aware of any witness from Illinois who would be called or needed during the trial.

6. Action's witnesses in North Carolina are much closer to Roanoke, Virginia (approximately 80 miles) than to Illinois (800 miles).

7. Spound's witnesses from Massachusetts are much closer to Virginia (approximately 600 miles) than to Illinois (975 miles).

8. Transfer to Virginia would greatly alleviate the inconvenience and expense of requiring trial attendance for Action and Spound's witnesses in Illinois.

9. The interests of justice would be served through the substantial reduction in the costs and burdens of litigation and having the court closer to the witnesses.

Further, a patent infringement action involves a peculiar combination of science, technology and the law. In the ascertainment of the pertinent technical facts, it is important to have the presentation of testimony of the most competent witnesses. Practicality and convenience are best served when a patent case is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field. See Ruth v. Eagle-Picher Co., 225 F.2d 572 (10th Cir. 1955); Morse v. Master Specialities Co., 239 F.Supp. 641 (D.N.J.1964).

It is clear that all relevant factors such as the principal places of business of the parties, the residences of the parties, the location of the relevant documents, the residences of design engineers and production persons, the place of manufacture, the convenience to the parties and witnesses, the ease of access of proof, the convenience of inspection of goods, the presence of persons near the forum having specific technological knowledge and the interests of justice, all favor transfer to the United States District Court for the Western District of Virginia.

Accordingly, it is hereby ordered that defendant's motion for transfer is granted and the instant action is transferred to the United States District Court for the Western District of Virginia.