Appropriate orders will issue.

**EMERSON ELECTRIC CO., Plaintiff,**

v.

**The BLACK AND DECKER MANUFACTURING COMPANY, Inventec International Limited, Black & Decker Manufacturing Co. Limited, Hickman Designs Limited in and through their agent the Black and Decker Manufacturing Company, Defendants.**

**No. 78–1050C(3).**

United States District Court, E. D. Missouri, E. D.

Dec. 6, 1978.

Lionel L. Lucchesi, Polster, Polster & Lucchesi, St. Louis, Mo., for plaintiff.

Edmund C. Rogers and Richard E. Haferkamp, Rogers, Eilers & Howell, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon a variety of motions filed by defendants herein. Plaintiff brought this suit seeking declaratory judgment that certain patents are invalid and void. Defendants are alleged to be patent holders and licensees. Plaintiff also seeks declaratory judgment with respect to trademark violations. It appears from the record herein that defendants Black & Decker Manufacturing Company and Inventec International Limited have filed suit in the United States District Court for the District of Maryland alleging that Sears Roebuck and Co. has infringed said defendants' patents by the sale of portable workbenches; these workbenches are manufactured by plaintiff Emerson; this suit also raises the issue of trademark.

Black & Decker Manufacturing Co. Limited, a Canadian corporation, [hereinafter "Limited"] seeks to dismiss plaintiff's complaint as to it for lack of personal jurisdiction and insufficiency of service of process. Limited is apparently now merged into a corporation entitled Black & Decker Canada, Inc. In support of its motion to dismiss, Limited has filed the affidavit of the Vice President of Operations of Black & Decker Canada, Inc. who was the Vice President of Operations of Limited. This affidavit states that Limited was a corporation organized and existing pursuant to the laws of Canada with its principal place of business in Canada. Neither Limited nor the successor corporation has ever sought or obtained permission to do business in the state of Missouri. Further, neither corporation has appointed any agent in the state of Missouri for service of process. The affidavit further states that neither corporation has ever had any office or telephone listing in the state of Missouri; that no agent, employee or officer has ever done anything in the state in connection with the solicitation or promotion of sales, or in connection with the sale or delivery of the products involved herein; that neither corporation has made any contract within the state with reference to the product involved herein; that neither company has committed any tortious act within the state; that neither company owns any real estate within the state; that neither company has ever contracted to insure any person, property or risk located within the state; that neither corporation has ever maintained any bank account within the state; and that neither corporation has ever placed any advertising in the state of Missouri. The affidavit further states that prior to September 25, 1978, all WORKMATE combined portable workbenches and vises and other products of Limited which were sold for delivery in the United States were sold and delivered to The Black and Decker Manufacturing Company, a Maryland corporation with its principal place of business in that state. After September 25, 1978, all WORKMATE combined portable workbenches and vises and other products of Limited's successor which were sold for delivery in the United States were sold and delivered to Black & Decker (U.S.) Inc. Both Black & Decker Canada, Inc. and Black & Decker (U.S.) are wholly owned subsidiaries of Black & Decker, Inc., a Delaware corporation, which is a wholly owned subsidiary of The Black and Decker Manufacturing Company.

▮ Under such circumstances, it is clear that Limited's motion to dismiss for lack of personal jurisdiction must be granted. The burden is upon plaintiff to establish that jurisdiction over this defendant does exist, *Rivera v. New Jersey Bell Telephone Company*, 340 F.Supp. 660 (E.D.N.Y.

1972), and plaintiff has totally failed to support its allegation of jurisdiction. *Cf., Associated Metals & Minerals Corporation v. SS Rialto,* 280 F.Supp. 207 (S.D.N.Y. 1967); *Rivera v. New Jersey Bell Telephone Company, supra; Goldrick v. D. M. Picton Company,* 56 F.R.D. 639 (E.D.Va.1971). Accordingly, plaintiff's complaint will be dismissed as to defendant Limited.

Defendants Inventec International Limited and Hickman Designs Limited have also moved to dismiss plaintiff's complaint as to them for lack of personal jurisdiction, improper venue, insufficiency of service of process, insufficiency of process, and as to defendant Hickman, for failure to state a claim upon which relief can be granted. In the alternative, said defendants seek a motion to stay or transfer proceedings.

Defendant Inventec is a corporation organized pursuant to the laws of the country of Guernsey, Channel Islands. Defendant Hickman is a corporation organized under the laws of the country of England. Neither corporation has a place of business outside of the British Isles. Defendant Inventec holds certain patents involved herein and has granted exclusive license under the same to defendant Limited which granted a sublicense to The Black and Decker Manufacturing Company. Defendant Hickman holds no right, title or interest in the patents involved in this suit. Service upon these defendants was obtained by serving an employee of The Black and Decker Manufacturing Company in St. Louis, Missouri. Neither the employee or The Black and Decker Manufacturing Company has been designated an agent by defendants Inventec or Hickman. Neither corporation has transacted business within the state of Missouri, entered into any contract within the state of Missouri, committed any act within the state of Missouri, owned or possessed any real estate in the state of Missouri or contracted to insure any person or risk within the state of Missouri.

■ The Court must conclude, from this record, that personal jurisdiction does not exist herein. *Aftanase v. Economy Baler Company,* 343 F.2d 187 (8th Cir. 1965); *Ag-*

*Tronic, Inc. v. Frank Paviour Ltd.,* 70 F.R.D. 393 (D.C.Neb.1976). Accordingly, said defendants' motion to dismiss plaintiff's complaint as to them will be granted on the basis of lack of personal jurisdiction.

The last defendant remaining herein is defendant The Black and Decker Manufacturing Company who has moved to stay or transfer proceedings herein. Prior to the filing of this suit by plaintiff Emerson Electric Co., defendants The Black and Decker Manufacturing Company and Inventec filed suit in the United States District Court in Maryland against Sears, Roebuck and Co. That action charged patent and trademark infringement. Thereafter, plaintiff filed this suit for declaratory judgment seeking a declaration of non-infringement of the patent and trademark. The record in the Maryland suit reveals that Sears, Roebuck and Co. has an indemnification agreement with Emerson Electric Co. and that Emerson Electric is paying the cost of defending the Maryland suit.

The general rule is that "where two suits are filed in different forums, the first has priority". *Eutectic Corporation v. Metco, Inc.,* 346 F.Supp. 845, 846 (E.D.N.Y.1972). See also, *Hamilton Watch Company v. Read Drug & Chemical Company of Baltimore,* 35 F.R.D. 125 (D.C.Md.1964). In *Codex Corporation v. Milgo Electronic Corporation,* 553 F.2d 735 (1st Cir. 1977), the court stated:

While the first-filed rule may ordinarily be a prudent one, it is so only because it is sometimes more important that there be a rule than that the rule be particularly sound. Accordingly, an exception to the first-filed rule has developed in patent litigation where the earlier action is an infringement suit action against a *mere* customer and the later suit is a declaratory judgment action brought by the manufacturer of the accused devices. [citation omitted] At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit . . . In these circumstances, while we do not say that there should be an inflexible

rule, we would recognize a rebuttable presumption that a manufacturer's declaratory judgment action, in its home forum at least if brought no later than promptly after a customer action, should take precedence over a *mere* customer action in a jurisdiction in which the manufacturer could not be sued. *Id.* at 737–38 [emphasis added]

The court also noted, however, that

There may be situations, due to the prospects of recovery of damages or other reasons, in which the patentee has a special interest in proceeding against a customer himself, rather than solely as a shadow of the manufacturer, and therefore less weight should be given to the manufacturer's forum. *Id.* at 738, footnote 6.

In view of the fact that the customer involved herein is Sears, Roebuck & Co., the Court can not conclude that defendants Black & Decker Manufacturing Company and Inventec International Limited are suing a mere customer; instead, it would appear that this is a situation in which the patent holder and its licensee do have a special interest in proceeding against the customer. Accordingly, the Court declines to follow *Codex* given the circumstances herein. *Cf., Williams Gold Refining Company v. Semi-Allows Incorporated*, 198 U.S. P.Q. 100 (W.D.N.Y.1978).

Thus, the issue remaining is whether this Court should stay proceedings herein pending outcome of the Maryland litigation or transfer this cause to the United States District Court for the District of Maryland. There can be no doubt that plaintiff could have brought suit against defendant Black & Decker Manufacturing Company in the District of Maryland. 28 U.S.C. § 1404(a); 28 U.S.C. § 1391; *cf., Emerson Electric Co. v. Robertshaw Controls Company*, 159 U.S. P.Q. 33 (E.D.Mo.1968); *Ansen Automotive Engineering v. E–T Industries, Inc.*, 171 U.S.P.Q. 248 (N.D.Cal.1971); *Foster Wheeler Corporation v. Aqua-Chem, Inc.*, 277 F.Supp. 382 (E.D.Pa.1967).

■ No judicial economy would result from a stay of proceedings herein, since it is likely that plaintiff herein would be entitled to relitigate the issues raised in the Maryland suit if the same are decided adversely to plaintiff's position. *Cf., Emerson Electric Co. v. Robertshaw Controls Company, supra.* Thus, the Court must consider whether the factors herein warrant a transfer, in the interests of justice, to the District of Maryland. The factors to be considered are:

(1) residence and principal place of business of the parties;

(2) location of possible witnesses;

(3) location of documents and records likely to be involved;

(4) disruption of [the parties'] . . . occupations by attendance at trial unless the cause is transferred;

(5) expense to parties;

(6) relative accessibility of place of trial to parties;

(7) docket conditions of each district and division involved;

(8) place of transactions upon which the action is based;

(9) the appropriateness in having the trial of a diversity case in a Court acquainted with the state law that must govern the action.

*Ebel v. Spencer Chemical Company*, 227 F.Supp. 956, 958 (W.D.Mo.1964).

See also *Spound v. Action Industries, Inc.*, 369 F.Supp. 1066 (N.D.Ill.1974). While plaintiff's choice of forum is considered important, it is not controlling. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

■ Both this District and the District of Maryland are inconvenient to one of the parties hereto. Yet, to refuse to transfer this cause and instead stay proceedings herein would not result in judicial economy and in fact work an injustice to defendants herein. Additionally, the Court notes that the patent holder, Inventec International Limited, is not subject to suit herein but is subject to suit in Maryland. *Cf., Ansen Automotive Engineering v. E–T Industries, Inc., supra.* Thus, the Court concludes that a transfer is warranted.

Appropriate orders will issue.