**Mildred P. ZWICK and William Zwick, her husband, Plaintiffs,**

v.

**REVCO DRUG STORE, Defendant.**

**Civ. A. No. 83–1427.**

United States District Court,
W.D. Pennsylvania.

March 6, 1984.

David Eckle, Pittsburgh, Pa., for plaintiffs.

Daniel P. Carroll, Grigsby, Gaca & Davies, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, District Judge.

Plaintiffs have filed a personal injury suit grounded on diversity jurisdiction, but have had difficulty identifying the proper defendant or defendants. It is alleged that plaintiff Mildred Zwick unwittingly became trapped in a Revco drug store in Mt. Airy, North Carolina, after closing time. While trying to escape from the store she set off the alarm. Still trapped inside she allegedly suffered physical and emotional injury when the alarm rang continuously for the next one and one-half hours. Her husband claims a loss of consortium.

Plaintiffs originally filed suit against "Revco Drug Store". Defendant responded in its answer with the information that the entity which owns and operates the Mt. Airy store is "Revco Discount Drug Centers of North Carolina, Inc.". Defendant further asserted that this court has no personal jurisdiction over Revco of North Carolina.

Plaintiffs sought leave to amend their complaint on two occasions, eventually identifying three separate defendants and setting forth a full statement of jurisdictional allegations of citizenship and amount in controversy. The three defendants identified in the proposed amended complaint are Revco Discount Drug Centers, Inc., Revco Discount Drug Centers of North Carolina, Inc., and Revco Discount Drug Centers of Ohio, Inc.

Defendant has opposed the motion to amend and has moved for summary judgment on lack of personal jurisdiction. Defendant has submitted an affidavit asserting that Revco of North Carolina is incorporated in North Carolina, has offices in Ohio, and does not do business in Pennsylvania.

## ANALYSIS

Defendant has properly challenged by affidavit the jurisdictional facts con-

tained in the complaint and the proposed amended complaint. The burden then rests on the plaintiffs to establish the facts which support personal jurisdiction over the defendant. *DiCesare-Engler Productions, Inc. v. Mainman Ltd.*, 81 F.R.D. 703 (W.D.Pa.1979).

Although plaintiffs allege in their proposed amended complaint that Revco of North Carolina is subject to personal jurisdiction because it does business in Pennsylvania, they have provided no evidentiary material to support this allegation.

Plaintiffs have provided evidence that Revco Drug, the reputed parent corporation, distributes products in Pennsylvania and is therefore doing business in the Commonwealth. This is not denied by the defendant. The question is whether activity by a parent corporation in a forum will subject a subsidiary corporation to personal jurisdiction.

Usually this issue arises in the reverse situation; an attempt to attribute the acts of a subsidiary to the parent for purposes of acquiring personal jurisdiction. *E.g. Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902 (1st Cir.1980); *Mizokami Bros. of Arizona, Inc. v. Baychem Corp.*, 556 F.2d 975 (9th Cir.1977); *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management, Inc.*, 519 F.2d 634 (8th Cir.1975); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir.1974). However, the situation presented by the instant case has been addressed previously. *Uston v. Grand Resorts, Inc.*, 564 F.2d 1217 (9th Cir.1977); *Gutierrez v. Raymond International, Inc.*, 484 F.Supp. 241 (S.D. Tex.1979); *Associated Metals and Minerals Corp. v. S.S. Rialto*, 280 F.Supp. 207 (S.D.N.Y.1967).

█ In either case, we begin with the presumption of separate corporate existence and consequently, separate liability. *E.g. Escude Cruz*, 619 F.2d 902; *Uston*, 564 F.2d 1217. The party asserting jurisdiction must establish an identity of the two entities which justifies attributing the activities of the parent to the subsidiary. *Id.* Plaintiffs have failed to produce *any* evidence to indicate that the formal independence of the three Revco corporations is not maintained in actual fact. The only fact produced is that the three Revco corporations have their offices at the same address in Ohio. There is no evidence of common officers or directors, the parent corporation's share of ownership in the subsidiaries or any indicia of control by the parent corporation. We conclude, therefore, that the activities of the parent corporation, Revco Drug, cannot support personal jurisdiction over Revco of North Carolina.

█ Furthermore as to the other two Revco entities, Revco Drug and Revco of Ohio, it appears that neither has control of nor operates the North Carolina store in question. The record clearly reveals that this store is solely within the aegis of Revco of North Carolina. Because this court will not permit an amendment which constitutes an exercise in futility, we will deny plaintiffs' motion for leave to amend the complaint.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to amend the complaint will be denied and the action dismissed for lack of personal jurisdiction over the defendants.

An appropriate order will issue.