Sandra **BENNETT**, Plaintiff,

v.

Steve **CHARLES**, M.D. and **Mid-South Hospital, Inc.**, Defendants.

Civ. A. No. 83–3541–C.

United States District Court, D. Massachusetts.

July 2, 1985.

Sandra Bennett, pro se.

Kenneth A. Behar, O'Leary, Behar and Kalman, Boston, Mass., for defendants Steve Charles, M.D. & Mid-South Hosp.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a diversity action arising out of medical treatment rendered to plaintiff by defendants in Memphis, Tennessee. The matter is now before the Court on defendants' motion to transfer the case to the Western District of Tennessee, Western Division. 28 U.S.C. § 1404(a), the statute on which this motion is based, provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

 The transferral of an action to another district is a matter committed to the discretion of the trial court, which should carefully consider all factors bearing upon the appropriateness of each of the contending forums. *E.g., Spound v. Action Industries, Inc.,* 369 F.Supp. 1066 (N.D.Ill.1974). In this regard, I note that the cause of action arose in Tennessee and that the substantive issues in the case will be determined according to Tennessee law. Furthermore, both defendants reside in Tennessee, and their contacts with Massachusetts are limited. It is therefore uncertain that this Court could exercise personal jurisdiction over the defendants if the case were to proceed in this district. Finally, and importantly, the record reveals that plaintiff has already begun an identical action against these same defendants in federal court in Memphis, Tennessee. The United States District Court for the Western District of Tennessee has stayed that action pending this Court's resolution of the issue of personal jurisdiction over the defendants, both of whom are residents of Tennessee, and are not doing business in Massachusetts. Defendants have raised this matter in a separate motion.

Plaintiff, who appears *pro se,* alleges that her poverty, her diabetes, and her visual impairment will adversely affect her ability to litigate her case in Tennessee. Although the Court is sensitive to plaintiff's problems, her difficulties do not outweigh the compelling facts set forth above which clearly demonstrate that the existence of jurisdiction in this Court is gravely doubtful at best and the desirability of transferring this case to Tennessee. I therefore rule that defendants' motion to transfer this action to the Western District of Tennessee, Western Division, should be granted.

Order accordingly.