**ANCHOR WALL SYSTEMS, INC.,**
a Minnesota Corporation,
**Plaintiff,**

v.

**R & D CONCRETE PRODUCTS, INC.,**
an Iowa Corporation, **Defendant.**

No. 99 C 1064.

United States District Court,
N.D. Illinois,
Eastern Division.

June 30, 1999.

872

Dennis Michael McWilliams, Timothy James Engling, Michael Keenan Nutter, Lee, Mann, Smith, McWilliams, Sweeney & Ohlson, Chicago, IL, for plaintiff.

Richard Daniel Harris, Jeanette Sanniola Zimmer, Law Offices of Dick & Harris, Chicago, IL, Dennis P W. Johnson, Pugh, Jones & Johnson, P.C., Chicago, IL, Brian Joseph Laurenzo, Dennis W Johnson, Michael C Gilchrist, Dorsey & Whitney LLP, Des Moines, IA, for defendant.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Anchor Wall Systems, Inc., a Minnesota corporation with its principal place of business in Minnetonka, Minnesota, sues R & D Concrete Products, Inc., an Iowa corporation with its principal place of business in Rock Island, Illinois, for patent infringement. Anchor moves for a preliminary and permanent injunction enjoining R & D from further infringement of United States Patent No. 5,827,015 ("the '015 patent") and for damages under 35 U.S.C. § 284. R & D moves for change of venue, seeking to transfer the case from the United States District Court for the Northern District of Illinois, Eastern Division ("Northern District") in Chicago, Illinois to the United States District Court for the Central District of Illinois, Rock Island Division ("Central District") in Rock island, Illinois. After considering all the relevant factors, the Court grants R & D's motion for a change of venue.

## RELEVANT FACTS

Although they play different roles, both Anchor and R & D are participants in the concrete block industry. Anchor licenses concrete block retaining wall products to block manufacturing companies. Anchor owns all interests in and rights to the '015 patent, entitled "Composite Masonry Block", which is directed to a configuration

for concrete block used to construct retaining walls.

R & D is a small company with gross sales of approximately $3,000,000 a year and 12–20 employees. R & D manufactures and sells concrete-block landscaping products. R & D's distributors are located exclusively in the Midwest, including Illinois, Wisconsin, and Indiana.

On February 17, 1999 Anchor sued R & D alleging infringement of Anchor's '015 patent. Specifically, Anchor alleges that three of the composite masonry blocks that R & D manufactured, used, offered to sell, and/or sold infringe the '015 patent. Anchor further charges that R & D's infringement is willful and deliberate.

R & D denies most of the material allegations, claiming that none of its products fall within the scope of the claims of the '015 patent. R & D also filed a counterclaim, contending that the '015 patent is invalid, void, and unenforceable. In its counterclaim, R & D seeks a declaratory judgment of non-infringement, invalidity, and unenforceability.

Currently before the Court is R & D's motion seeking a change of venue to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). Both parties concede that venue is technically proper in this district under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391. The parties also acknowledge that personal jurisdiction and venue are proper in the transferee district because R & D's principal place of business is located in Rock Island, Illinois.

## ANALYSIS

As the moving party, R & D bears the burden of showing that the forum should be changed. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–220 (7th Cir. 1986). District courts have broad discretion in denying or granting a motion to transfer under Section 1404(a). *Id.* at 219.

■ Section 1404(a) states that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, transfer of venue is proper when the moving party demonstrates that (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses and the interest of justice. *Avery Dennison Corp. v. FLEXcon Co.*, 42 U.S.P.Q.2d 1087, 1088, 1997 WL 106252 (N.D.Ill.1997).

The first two elements, determining proper venue in patent infringement cases, are controlled by 28 U.S.C. § 1400(b). This section states that "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The parties do not dispute that venue is proper in the Northern District, because R & D delivered three shipments of the allegedly infringing masonry blocks to distributors residing in this district. Similarly, venue is proper in the Central District because R & D resides there. The parties' dispute centers principally around the third factor.

■ The third element, the convenience and fairness of transfer under § 1404(a), is determined on a case by case basis by looking at the private interests of the parties and the public interest of the court. *Coffey*, 796 F.2d at 219. Private interests include: (1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, (4) convenience to the parties—specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F.Supp. 185, 188 (N.D.Ill.

1995). Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *Id.*

### A. Plaintiff's Choice of Forum

■ Although Anchor filed suit in the Northern District, plaintiff's choice of forum has diminished in significance since the enactment of § 1404(a). *Ardco, Inc. v. Page, Ricker, Felson Marketing,* 1992 WL 246862, at *6 (N.D.Ill. Sept.23, 1992) (citing *Ratner v. Hecht,* 621 F.Supp. 378, 382 (N.D.Ill.1985)). Where, as here, the plaintiff is not a resident of the forum district, this factor is merely another factor in the mix and is given no additional weight. *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.,* 979 F.Supp. 627, 630 (N.D.Ill. 1997).

■ The weight accorded plaintiff's choice of forum is further lessened if the chosen forum lacks any significant connection to the claim. *Greene Mfg. Co. v. Marquette Tool & Die Co.,* 1998 WL 395155, at *2 (N.D.Ill. July 9, 1998). Sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states. *Id.* In this case, the Northern District has relatively weak connections with the operative facts giving rise to the claim, as only a small percentage of the alleged infringing items were sold here. The majority of the operative events surrounding the alleged infringement occurred in the Central District where R & D designed, manufactured, stored and sold the masonry blocks. Accordingly, little weight is afforded to Anchor's choice of forum in this case.

### B. Situs of Material Events

We find that all of the central facts surrounding this patent infringement dispute relate to activities which took place in the Central District, not the Northern District. R & D designed, manufactured, stored, and sold the alleged infringing masonry blocks in Rock Island. Conversely, only limited sales activities actually occurred in this district. Because there is little connection between this district and the litigation, the situs of material events factor favors transfer to the Central District.

### C. Convenience of the Witnesses

In assessing the convenience of the witnesses, we must determine the relative ease of access to sources of proof in each forum. Anchor argues that the Northern District is more convenient for its key witnesses because several of its witnesses are employees of Northfield Block Company ("Northfield"), an Anchor licensee, which is located in this district. Anchor also contends that Chicago is a more convenient travel destination for its out-of-state party and non-party witnesses.

The Court does not accord much weight to Anchor's argument that its witnesses will be inconvenienced. It is assumed that the witnesses in control of the party calling them will appear voluntarily. *Greene Mfg. Co.,* 1998 WL 395155, at *3. Based on the intimate business relationship between Anchor and Northfield, the Court assumes that Northfield's employees will appear voluntarily at either forum. Anchor's own employees will be required to travel to Illinois from Minnesota whether the action is transferred or retained. Traveling to the Central District does not increase the burden on these witnesses, as neither their travel costs nor travel time are increased substantially.

The convenience of the plaintiff's non-party witnesses is often viewed as the most important factor in the transfer analysis. *Greene Mfg. Co.,* 1998 WL 395155, at * 3. Yet, if third party witnesses are found in neither the transferee nor transferor forum they are less significant to the court's inquiry because neither choice of venue would afford the parties greater subpoena power. *F & G Scrolling Mouse, L.L.C. v. IBM Corp.,* 1999 WL 311700, at *4 (N.D.Ill. May 13, 1999). Such is the case here—Anchor's indispensable non-

party witnesses, including a few of its former employees and the named inventor on the patent, reside beyond the subpoena power of either forum so their convenience is not afforded much weight.

Against this, we note that all of R & D's officers and key personnel—including its president, who designed the alleged infringing masonry blocks and determined that R & D would sell them; its vice-president, who is the plant manager; and its plant supervisor—work and reside in or around Rock Island. R & D claims that it would be a great inconvenience to litigate in Chicago because the absence of these three employees during litigation will greatly interfere with its plant's operations. Additionally, the cost of transportation, hotel accommodations, and restaurant meals would be unduly burdensome. Because a transfer would minimize disruption of its plant's operations and eliminate all of its travel expenses, without significantly increasing the burden on the patentee, the Court concludes that the overall convenience of the witnesses will be increased by a transfer of this lawsuit to the Central District of Illinois.

## D. Convenience of the Parties

This factor also weighs heavily in favor of a transfer. In a patent infringement case "practicality and convenience are best served when [it] is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent filed." *Ardco, Inc.*, 1992 WL 246862, at *4 (quoting *Spound v. Action Indus., Inc.*, 369 F.Supp. 1066, 1069 (N.D.Ill.1974)). Anchor has not pointed to any documentary evidence to be gathered in this district in support of its claim. In this case the sources of proof are located primarily in the Central District. All of R & D's documents, including drawings, financial records, and sales records related to the alleged infringement are located in Rock Island.

In contrast, Anchor's only connection within this forum is the location of its licensee, Northfield. Anchor itself does not reside here and will be litigating the case in a remote location regardless of whether venue is transferred or retained. Therefore, the Court easily concludes that the overall convenience of the parties supports a transfer of this lawsuit to the Central District of Illinois.

## E. Interest of Justice

The final factor is whether a change of venue would serve the interests of justice. This factor considers the efficient administration of the court system, rather than the private interests of the litigants. *Avery Dennison Corp.*, 42 U.S.P.Q.2d at 1089. Public interest factors include the Court's familiarity with applicable law and the desirability of resolving controversies in their locale. *Id.* Both forums are equally familiar with the federal patent law applicable to this case. However, because the plaintiff's action has no significant connection to this forum, the interest of justice would be better served by transferring the action to the Central District where the situs of material events occurred.

## CONCLUSION

For the foregoing reasons, R & D's motion for a change of venue is granted. An analysis of the relevant factors requires that this case be tried in the Central District of Illinois, Rock Island Division. The Court directs the Clerk of the Court to grant defendant's motion for change of venue, and to transfer this case to the Central District of Illinois, Rock Island Division.